[Cite as *State v. Collins*, 2026-Ohio-2962.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

|  |  |
|---|---|
| STATE OF OHIO | : |
| Appellee | :    C.A. No. 2026-CA-15 |
|  | : |
|  | :    Trial Court Case No. 2023 CR 0165 |
| v. | : |
|  | :    (Criminal Appeal from Common Pleas |
| LARRY J. COLLINS JR. | :    Court) |
|  | : |
| Appellant | :    **FINAL JUDGMENT ENTRY &** |
|  | :    **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on July 31, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately send a copy of the court's ruling to each party and note that action on the docket. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Mary K. Huffman*

_____
MARY K. HUFFMAN, JUDGE

TUCKER, J., and EPLEY, J., concur.

CHRISTOPHER BAZELEY, Attorney for Appellant
MEGAN A. HAMMOND, Attorney for Appellee

HUFFMAN, J.

{¶ 1} Larry Collins Jr. appeals from a judgment entry of conviction revoking his community control sanctions and imposing a prison term. For the following reasons, the judgment of the Greene County Common Pleas Court is affirmed.

## I. Facts and Procedural History

{¶ 2} On March 17, 2023, Collins was indicted on one count each of attempted felonious assault, violating a protection order, and abduction. On September 25, 2023, he pleaded guilty to violating a protection order. A trial by jury on the remaining counts followed, and Collins was found guilty of abduction and not guilty of attempted felonious assault.

{¶ 3} Disposition occurred on November 9, 2023. Consistent with R.C. 2929.19(B)(4), Collins's judgment entry of conviction stated that if he violated community control, he was subject to a sentence of 180 days on the protection order offense and a sentence of 9, 12, 18, 24, 30, or 36 months on the abduction offense.

{¶ 4} On February 18, 2025, Greene County Probation Officer Valerie Donaldson filed a Motion/Affidavit (Request for Capias). It stated that Collins tested positive for methamphetamines on January 9, January 29, February 5, and February 12, 2025, in violation of Rule 9 of his community control sanctions. It further stated that on June 26, 2024, Collins was referred to Full Circle for on-going treatment, but as of February 14, 2025, he had failed to provide treatment documentation to probation in violation of Rule 18 of his community control sanctions.

2

{¶ 5} The trial court issued a capias warrant for Collins and scheduled a probable cause/revocation hearing for March 4, 2025. On that date, Collins waived his right to a probable cause hearing and requested an evidentiary hearing. On March 25, 2025, the court issued a judgment entry stating that the probation department and Collins agreed that Collins "had difficulty complying with conditions," and the following modification was imposed: "Community Based Correctional Facility for 6 months at MonDay, to include a 6[-]month jail sanction while awaiting transportation to said program." The entry was signed by Collins and Donaldson. On March 27, 2025, the court ordered the probation department to transport Collins to the MonDay program.

{¶ 6} On December 11, 2025, a notification of community control violation and recommendation to the court was filed. It stated that on December 5, 2025, Collins tested positive for methamphetamine and admitted to using the drug, in violation of Rule 9, and that, as of December 8, 2025, Collins failed to make a payment of $75 toward his court costs, in violation of Rule 12. The court scheduled a probable cause/revocation hearing for December 22, 2025. On that date, Valerie Donaldson testified that she had received information from Collins's fiancé that he was using drugs and that Collins admitted in a written statement to using methamphetamine once in pill form, which was a violation of Rule 9. She stated that Collins also violated Rule 12 of his community control sanctions, which required him to pay $75 in financial sanctions, by having made no payments to date. Donaldson acknowledged that Collins was unemployed and may not have been financially able to make payments. She believed, though, that his unemployment was voluntary. Donaldson acknowledged that Collins had successfully completed the MonDay program and that he could not have paid financial sanctions while there. But she stated that he could have performed community service during his time at MonDay to satisfy his financial sanctions.

3

The court confirmed with counsel that it was required to find not only that Collins had failed to pay financial sanctions but also that he had the ability to pay but willfully chose not to do so. The court found probable cause existed as to Rule 9 but not as to Rule 12.

{¶ 7} A revocation hearing occurred on January 15, 2026, at which time Collins admitted violating community control and agreed to proceed to sentencing. Donaldson testified that though Collins successfully completed the MonDay program, he was previously unsuccessful at four separate programs. Based on Collins's admissions, the court found that he was not amenable to continued community control supervision. The court ordered Collins's sentences be modified to a concurrent term of imprisonment of 180 days on the protection order violation and 30 months for abduction, with credit for 328 days.

## II. Assignment of Error and Analysis

{¶ 8} In his sole assignment of error, Collins argues that the trial court erred in imposing a prison term for the community control violations. He argues that a mere "relapse" is a normal part of the recovery process. Collins asserts that at the hearing on December 22, 2025, the court found no probable cause for the Rule 12 violation. He argues that, at his original November 9, 2023 sentencing hearing, he was ordered to pay only a probation supervision fee of $50 per month, while page three of his judgment entry of conviction, which was filed that same day, set forth a monthly fee of $75 for "court costs, supervision fees, restitution, fines, and any other fees assessed against me." According to Collins, as "a result, the trial court terminated [his] community control over an issue that it [initially] found lacked probable cause and an erroneous calculation of the unpaid fee."

{¶ 9} A defendant is entitled to due process when his community control is revoked as the result of a violation of a condition imposed on that control. *Gagnon v. Scarpelli*, 411 U.S. 778, 786 (1973). The due process rights that must be observed in a community control

4

revocation hearing are: (1) written notice of the claimed violations of community control; (2) disclosure of evidence against the defendant; (3) an opportunity to be heard in person and to present witnesses and documentary evidence; (4) the right to confront and cross-examine adverse witnesses; (5) a neutral and detached hearing body; and (6) a written statement by the fact finder as to the evidence relied on and the reasons for revoking community control. *Gagnon* at 786, quoting *Morrissey v. Brewer,* 408 U.S. 471 (1972); *State v. Nallen,* 2013-Ohio-3284, ¶ 18 (2d Dist.). Here, Collins received all the due process to which he was entitled.

{¶ 10} "[C]ommunity control revocation proceedings are not the same as a criminal trial, and a revocation of community control punishes the failure to comply with the terms and conditions of community control, not the specific conduct that led to the revocation." *State v. Black,* 2011-Ohio-1273, ¶ 17 (2d Dist.). "A trial court need not comply with the requirements of Crim.R. 11, which governs pleas, in accepting an offender's admission to community control violations." *State v. Cunningham*, ¶ 14, 2015-Ohio-2554 (2d Dist.). Instead, Crim.R. 32.3 applies to community control revocation proceedings and requires that the trial court "shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed."

{¶ 11} "The right to continue on community control depends upon compliance with community control conditions and is a matter resting within the sound discretion of the court. Accordingly, we review the trial court's decision to revoke a defendant's community control for an abuse of discretion. Abuse of discretion has been defined as an attitude that is unreasonable, arbitrary, or unconscionable." (Cleaned up.) *State v. Lewis,* 2010-Ohio-3652, ¶ 11 (2d Dist.).

5

{¶ 12} At the hearing on January 15, 2026, the following exchange occurred:

THE COURT: . . .

Pursuant to an in-chambers conference, it's my understanding at this time, Mr. Collins, you're going to admit that you did violate your community control; waive a probable cause and an evidentiary hearing; and consent to proceed to sentencing today. Is that correct, Mr. Collins?

MR. COLLINS: Yes, sir.

{¶ 13} Regarding the violation of Rule 12, on November 9, 2023, three judgment entries were issued. The first "Judgment Entry" imposed a probation supervision fee of $50 per month for 24 months, payable to the Sanctions Reimbursement Fund. A "Judgment Entry (Probation Supervision)" listed the conditions of probation supervision, including Rule 12, which stated: "I will make a minimum monthly payment of $75.00 per month toward my court costs, supervision fees, restitution, fines and any other fees assessed against me," payable to the Greene County Clerk of Courts. Finally, a "Judgment Entry (Community Control)" ordered Collins to pay a probation supervision fee of $50 per month for 24 months. Collins admitted violating Rule 12, which required him to pay $75 per month to the Greene County Clerk of Courts.

{¶ 14} Most significantly, as the State asserts, a single violation of community control triggers the court's authority to act on all convictions subject to those sanctions, as long as the defendant was provided proper notice at the original sentencing, which Collins was. R.C. 2929.15(B)(1) provides that if the conditions of a community control sanction are violated, the sentencing court may impose a prison term on the offender pursuant to R.C. 2929.14. There is no dispute that Collins violated Rule 9 by using methamphetamine, and even in the absence of the Rule 12 violation, he was subject to the sentence imposed.

6

{¶ 15} Collins's assignment of error is overruled.

### III. Conclusion

{¶ 16} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

TUCKER, J., and EPLEY, J., concur.